UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

HAROLD D. ARMSTRONG,

Debtor.

_____/

Case No. DK 13-05907
Hon. Scott W. Dales
Chapter 13

## MEMORANDUM OF DECISION AND ORDER GRANTING MOTION FOR RELIEF FROM STAY

PRESENT:   HONORABLE SCOTT W. DALES
United States Bankruptcy Judge

Chapter 13 debtor Harold Armstrong (the "Debtor") filed a petition for relief on July 23, 2013, on the eve of a judicial foreclosure sale of his residence commonly known as 6760 Hart Drive, Kalamazoo, Michigan (the "Residence").  His lender, Nationstar Mortgage, LLC ("Nationstar"), filed a motion for relief from the automatic stay (the "Motion," DN 17, 18 & 25), seeking permission to resume the foreclosure.  Nationstar contends that its claim is under-secured and that it lacks adequate protection of its interest in the Residence.  The Debtor filed a response to the Motion (DN 22), and the court scheduled a final hearing.  Nationstar and the Debtor both appeared through counsel and offered argument on October 17, 2013.  For the following reasons, the court will grant the Motion.

In controversies involving the automatic stay, the Bankruptcy Code specifically assigns the burdens of proof:

In any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section—

(1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and

(2) the party opposing such relief has the burden of proof on all other issues.

11 U.S.C. § 362(g). Although neither side called a witness at the final hearing,[1] the court determined, without controversy, that the Debtor owes Nationstar $229,960.19 based upon the Judgment of Foreclosure and Order of Sale rendered by the Hon. Pamela L. Lightvoet (the "Judgment"). To establish the value of the Residence securing its claim, Nationstar directed the court to the Debtor's admissions included in his schedules (A & D), to show that the Residence is worth $185,000.00. Fed. R. Evid. 801(d)(2) (admissions of party opponent are not hearsay).

From the Judgment and the Debtor's schedules, Nationstar established the absence of the Debtor's equity in the Residence. Nationstar also asserted, without contradiction, that the Debtor has not made payments to Nationstar for nearly three years, while the parties sparred in and out of Kalamazoo County Circuit Court regarding a proposed loan modification. Under the circumstances, Nationstar contends that its interest is not adequately protected.

Reluctantly conceding the absence of equity, the Debtor's counsel argued that the Residence is necessary to an effective reorganization. Counsel also argued that the Debtor is making payments under the proposed plan and that the plan contemplates a 100% dividend to creditors, funded in part by a possible sale of unrelated real estate. Counsel argued, based upon the plan, that Nationstar's interest in the Residence is adequately protected.

Under § 362(g), however, the Debtor has the burden of proving as an evidentiary matter that the Residence is necessary to an effective reorganization and that Nationstar's interest is adequately protected. Many chapter 13 debtors reorganize their financial lives while renting an apartment or other residence, and sometimes keeping an underwater residence is not the key to a successful reorganization, but a harbinger of failure. The court will not infer, based upon counsel's argument alone, that the Residence or any other property is "necessary" to an effective

---

[1] Under the court's local rules, parties should be prepared to present evidence at a final hearing on a motion for relief from stay. *See* LBR 4001-1(c)(2); *see also* Judge Dales's Procedures Governing Live Testimony During Motion Day Hearings (Fed. R. Bankr. P. 9014(e)) at ¶ 3(b) (available at www.miwb.uscourts.gov).

reorganization in prospect, *United Sav. Ass'n of Texas v. Timbers of Inwood Forest Associates, Ltd.*, 484 U.S. 365, 375, (1988), especially where the statute requires an evidentiary showing.

Similarly, the Debtor offered no evidence that Nationstar's under-secured mortgage interest was adequately protected. Perhaps testimony from the Debtor or another witness regarding the status of plan payments or the prospects of the sale of the Debtor's non-residential real estate would, if credited, have established adequate protection. Again, however, counsel's argument is no substitute for evidence.

Where a debtor has not made mortgage payments for several years, and where a lender is substantially under-secured, the debtor must do more to earn the continued protection of the automatic stay than to simply point to his plan and schedules and offer statements of counsel. For the foregoing reasons, the court will grant the Motion. Because the Debtor opposed the Motion and may seek relief from the court's order, however, the court will not waive the fourteen day stay under Rule 4001(a)(3).

NOW, THEREFORE, IT IS HEREBY ORDERED that the Motion (DN 17) is GRANTED.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Harold Dennis Armstrong, Kristi A. Estrada, Esq., Barbara P. Foley, Esq., David G. Michael, Esq., Matthew Justice, Esq., the United States Trustee, and all parties requesting notice.

**IT IS SO ORDERED.**

**Dated October 21, 2013**



_____
Scott W. Dales
United States Bankruptcy Judge